UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT WESLEY HUMPHREYS,

          Plaintiff,

  v.

E. LYSTAD, *et al.*,

          Defendants.

Case No. C21-5878-RJB-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Scott Wesley Humphreys, proceeding *pro se* and *in forma pauperis*, is currently confined at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes Plaintiff failed to state a cognizable claim for relief. The Court therefore recommends that Plaintiff's amended complaint (dkt. # 9), and this action, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

On December 14, 2021, Plaintiff submitted his first proposed § 1983 complaint. (Dkt. # 4.) Plaintiff's first proposed complaint generally alleged that several individuals at SCCC

REPORT AND RECOMMENDATION - 1

violated his constitutional rights under the First, Fourth, Fifth, Eighth, and Thirteenth Amendments stemming from certain actions—and inaction—taken in regard to the COVID-19 pandemic at the SCCC and by failing to provide him adequate medical care for lingering effects from COVID-19. (Dkt. # 7; *see also* dkt. # 8 at 2-3.) On January 13, 2022, this Court screened Plaintiff's first proposed complaint, identified several deficiencies for Plaintiff to correct before the Court ordered service, and granted him leave to amend. (Dkt. # 8.)

On January 27, 2022, Plaintiff submitted his proposed amended complaint, together with a new declaration and several exhibits. (Dkt. ## 9, 9-4, 9-5.) Plaintiff's amended complaint now asserts a single claim, and though unclear, appears to reference medical malpractice, deliberate indifference, separation of powers, and the Health Insurance Portability and Accountability Act. (Dkt. # 9 at 4.) However, Plaintiff's amended complaint omits any facts in regard to his claim. (*See id.*)

While the Court is mindful that it must construe a *pro se* party's pleadings liberally, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, the Court previously advised Plaintiff that his amended complaint was deficient on the basis that it: (1) did not comply with the requirements of Fed. R. Civ. P. 8(a); (2) failed to clearly allege a violation of his federal constitutional rights to proceed under § 1983 against named Defendants; and (3) failed to allege specific facts demonstrating how each individual personally participated in causing him constitutional harm. (Dkt. # 8 at 4-6.) The Court further noted that it appeared Plaintiff was attempting to assert the same § 1983 claims across two separate actions, and that it did not appear from the record that Plaintiff sought or exhausted his

administrative remedies prior to submitting his complaint.[1] (*Id.* at 6-7 (citing *Humphreys v. Haynes, et al.*, C21-5637-RJB-TLF, Dkt. # 7).)

Despite the Court's advisement, Plaintiff's amended complaint failed to correct any of the Court's noted deficiencies. Instead, Plaintiff's amended complaint now contains even less substantive information than was previously included in his first complaint as to the named Defendants, his asserted claims, and the constitutional violations alleged. (*Compare* dkt. #7 at 4-6 *with* dkt. # 9 at 4.) Furthermore, Plaintiff fails to articulate any claims in relation to his newly included exhibits, and his declaration merely refers to several case citations without any attached argument. (*See* dkt. ## 9-4, 9-5.) Therefore, neither Plaintiff's new exhibits nor his declaration provides this Court with any additional clarity as to his alleged claims or their bases.

When a complaint fails to state a claim on which relief may be granted, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff has failed to state any viable claim for relief in his pleadings, this action should be dismissed.

### III.   CONCLUSION

Based on the foregoing, the Court recommends that Plaintiff's amended complaint (dkt. # 9), and this action, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

---

[1] Both of Plaintiff's complaints in this action were submitted after he was ordered to show cause or amend his complaint in a previously filed action. *Humphreys v. Haynes, et al.*, C21-5637-RJB-TLF, Dkt. # 7. Plaintiff submitted an amended complaint in his other action, but on January 24, 2022, the Honorable Theresa L. Fricke issued a Report and Recommendation recommending that his amended pleading be dismissed for failure to state a claim. *Id.*, Dkt. # 9.

REPORT AND RECOMMENDATION - 3

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Robert J. Bryan.

Dated this 3rd day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4